UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| CRS COMMERCE CENTER, LC, a<br>Virginia limited liability company<br>1900 Reston Metro Plaza<br>10th Floor<br>Reston, Virginia 20190<br><br>       Plaintiff,<br><br> v.<br><br>KIMLEY-HORN AND ASSOCIATES,<br>INC., a North Carolina corporation<br>421 Fayetteville Street<br>Suite 600<br>Raleigh, North Carolina 27601<br><br>  Serve on:<br>  CT Corporation System<br>  4701 Cox Road<br>  Suite 285<br>  Glen Allen, VA 23060<br><br>       Defendant. | Case No. _____ |

## COMPLAINT

Plaintiff CRS Commerce Center, LC brings this complaint for a money judgment for damages resulting from a breach of lease by Kimley-Horn and Associates, Inc. For its complaint, Plaintiff states as follows.

  1.  CRS Commerce Center, LC ("Landlord") is a Virginia limited liability company with its principal place of business at 1900 Reston Metro Plaza, 10th Floor, Reston, Virginia 20190.

  2.  Kimley-Horn and Associates, Inc. ("KHI") is a North Carolina corporation with its principal place of business at 421 Fayetteville Street, Suite 600, Raleigh, North Carolina 27601. KHI is actively registered to transact business in the Commonwealth of Virginia.

## Jurisdiction and Venue

3. This Court has jurisdiction under 28 U.S.C. § 1332. The amount in controversy exceeds $75,000, exclusive of interest, costs, and attorneys' fees, and there is complete diversity of citizenship between all plaintiffs and all defendants.

4. This Court has personal jurisdiction over KHI because KHI, through its representatives and/or agents, entered into the Lease (defined below) in the Commonwealth of Virginia and, pursuant to the Lease, has leased premises in the office building located in Reston, Virginia since 2011.

5. Venue in this Court is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in Reston, Virginia. In addition, the parties waive any objection to the venue of this Court under Section 18.5 of the Lease.

## Facts

*The Lease*

6. KHI is the tenant under a commercial lease of premises at an office building located at 11400 Commerce Park Drive in Reston, Virginia (the "Office Building"). KHI currently leases Suites 400, 500 and 600.

7. KHI, as tenant, and CESC Commerce Executive Park, LLC, as landlord, entered into a Lease dated March 31, 2011 (the "Original Lease") for the commercial lease of premises within the Office Building.

8. A genuine and complete copy of the Original Lease is attached to this complaint as Exhibit 1.

9. KHI and CESC Commerce Executive Park, LLC entered into a First Amendment to Lease dated May 24, 2011 (the "First Amendment"), which amends the Original Lease terms.

10. A true, accurate and complete copy of the First Amendment is attached hereto as Exhibit 2.

11. KHI and CESC Commerce Executive Park, LLC entered into a Second Amendment to Lease dated December 22, 2014 (the "Second Amendment"), which further amends the Original Lease terms.

12. A true, accurate and complete copy of the Second Amendment is attached hereto as Exhibit 3.

13. KHI and CESC Commerce Executive Park, LLC entered into a Third Amendment to Lease dated December 21, 2018 (the "Third Amendment"), which further amends the Original Lease terms.

14. A true, accurate and complete copy of the Third Amendment is attached hereto as Exhibit 4.

15. KHI and CRS Commerce Center, LC entered into a Fourth Amendment to Lease dated May 12, 2022 (the "Fourth Amendment"), which further amends the Original Lease terms.

16. In the Fourth Amendment, KHI acknowledged and agreed that CRS Commerce Center, LC is the successor-in-interest to CESC Commerce Executive Park, LLC as the Landlord.

17. A true, accurate and complete copy of the Fourth Amendment is attached hereto as Exhibit 5.

18. Together, the Original Lease, the First Amendment, the Second Amendment, the Third Amendment and the Fourth Amendment (collectively, the "Lease") set forth the terms upon which KHI agreed to lease premises at the Office Building.

19. The Lease Term expires on September 30, 2033.

*Breach of the Lease*

20. Under the Lease, KHI agreed to make monthly payments of rent and other charges in full on the first of every month. (*See* Lease § 2.1; Third Amendment § 4(a); Fourth Amendment § 7(a)).

21. The Lease provides that KHI is obligated to pay its rent each month without abatement, deferment, waiver, deduction, or setoff. (*See* Lease § 2.4; Third Amendment § 4(a); Fourth Amendment § 7(a)).

22. On October 1, 2024, KHI paid $131,422.21 to Landlord, which amounts to approximately 53% of KHI's monthly Base Rent plus 100% of all additional monthly charges.

23. KHI, accordingly, has failed to make payments of rent and other charges when due, in default of its Lease payment obligations.

24. Landlord delivered to KHI a notice of default dated October 4, 2024 ("Notice of Default").

25. A genuine and complete copy of the Notice of Default is attached to this complaint as Exhibit 6.

26. KHI has failed to cure its payment default.

27. Under section 12.1(b) of the Lease, one or more Events of Default, as defined in the Lease, has occurred.

28. Under section 12.3(b) of the Lease, upon the occurrence of an Event of Default, Landlord may exercise one or more of its remedies, including to bring suit to collect any such damages at any time after an Event of Default shall have occurred.

29. Under the terms of the Lease, Landlord is entitled to the following damages for KHI's breach of the Lease:

4

    a. All Base Annual Rent, Additional Rent and other sums due or which would be due and payable under the Lease as of October 2, 2024, through the end of the scheduled Lease Term (September 30, 2033), plus all expenses (including broker and attorneys' fees) and the value of all vacancy periods projected by Landlord to be incurred in connection with the reletting KHI's premises, minus any Base Annual Rent, Additional Rent and other sums which KHI proves by a preponderance of the evidence would be received by Landlord upon reletting KHI's premises from the end of the vacancy period projected by Landlord through the expiration of the Lease Term. (Lease § 12.3(b)(ii)).

    b. A late charge of five percent (5%) of the amount of KHI's full monthly rent obligation. (Lease § 2.5).

    c. Interest bearing at a rate equal to the greater of eighteen percent (18%) per annum or the rate per annum which is five (5) whole percentage points higher than the prime rate published in the Money Rates section of the Wall Street Journal, from the date the full monthly rent obligation became due to the date of payment thereof by KHI. (*Id.*).

    d. Other damages suffered by or incurred by Landlord on account of KHI's Event of Default (including without limitation, late fees or other charges incurred by Landlord under any mortgage). (*See* Lease § 12.3(a)).

30. As of October 9, 2024, Landlord's damages as a result of KHI's breach of the Lease total or exceed $25,000,000, not including attorneys' fees or interest.

31. KHI is also liable to Landlord for all reasonable costs incurred by Landlord in connection with KHI's default, including reasonable attorneys' fees. (*See* Lease §12.3(a); Lease § 12.5(c)).

5

## COUNT I

### (Breach of Lease)

32. Landlord hereby incorporates the allegations of Paragraphs 1 through 31 above.

33. The Lease is valid and enforceable against KHI.

34. KHI was obligated to pay rent and other charges when due under the Lease.

35. KHI defaulted under the Lease by failing to make payments of rent and other charges when due, and KHI failed to cure its non-payment defaults.

36. KHI breached the Lease.

37. As a result of KHI's breach of the Lease, Landlord has suffered injury, loss, and damages.

38. Under the terms of the Lease, Landlord is entitled to damages for KHI's breach of the Lease, including its reasonable attorneys' fees and costs.

## REQUEST FOR RELIEF

WHEREFORE, Landlord requests that the Court enter a money judgment in its favor against KHI for all amounts due under the Lease, in an amount to be determined as of the time of judgment, no less than $25,000,000, plus interest and reasonable attorneys' fees and costs.

Date:  October 11, 2024

                                                        */s/ Nicholas M. DePalma*
Nicholas M. DePalma (VSB No. 72886)
VENABLE LLP
1850 Towers Crescent Plaza
Suite 400
Tysons, VA 22182
(703) 905-1455 phone
(703) 821-8949 fax
NMDepalma@venable.com

*Counsel for Plaintiff CRS Commerce Center, LC*